UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FRANCO,<br>    Plaintiff,<br>v.<br>E-3 SYSTEMS,<br>    Defendant. | Case No. 19-cv-01453-HSG<br><br>**ORDER** |
| JOSE FRANCO,<br>    Plaintiff,<br>v.<br>E-3 SYSTEMS,<br>    Defendant. | Case No. 19-cv-02854-HSG |

In Defendant's opposition to Plaintiff's motion to remand, defense counsel cites generally to the 2005 and 2018 CBAs and asserts, in conclusory fashion, that the CBAs meet the requirements of Cal. Lab. Code § 514 because they "expressly provide for the wages, hours of work, and working conditions of the employees, and provide premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Case No. 19-cv-01453-HSG, Dkt. No. 9 at 5; Case No. 19-cv-02854-HSG, Dkt. No. 12 at 5–6. But Defendant fails to explain, with specific reference to relevant provisions, exactly *how* the CBAs satisfy the § 514 requirements.

Defense counsel should be prepared at the October 24, 2019 hearing to describe in detail why the CBAs satisfy the § 514 requirements, and to identify the specific provisions in the CBAs that they believe meet each requirement of § 514. For example, counsel needs to identify the

provisions of the CBAs that establish that all covered employees were paid "a regular hourly rate of pay . . . of not less than 30 percent more than the state minimum wage" at all relevant times. To the extent Plaintiff's counsel disagree that the CBAs meet the requirements of § 514, counsel should be prepared to engage in the same type of detailed discussion.

**IT IS SO ORDERED.**

Dated: 10/22/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge